UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

Eastern District of Kentucky
**FILED**

APR 0 2 2010

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

| | |
|---|---|
| **ANTONIO HERNANDEZ SANCHEZ,** Plaintiff, | ) ) ) |
| vs. | ) ) No. _____ ) |
| **DAVID WILLIAMS,** Defendant. | ) ) ) ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PRELIMINARY STATEMENT

1. This action is brought by a temporary H-2A guestworker who was trafficked into the United States from Mexico and was subjected to forced labor and peonage by Defendant David Williams in Richmond, Kentucky.

2. Defendant lured Mr. Hernandez Sanchez to Defendant's tobacco farm, promising to pay Mr. Hernandez Sanchez the federally mandated wage of $8.65 per hour and to provide him with 40 hours of work per week.

3. Upon arrival, however, Defendant refused to honor these promises, paying Mr. Hernandez Sanchez significantly less than promised and sometimes even less than the federal minimum wage.

4. Although Mr. Hernandez Sanchez was unaware of any such obligation before traveling to Defendant's tobacco farm, Defendant insisted Mr. Hernandez Sanchez owed him thousands of dollars.

5. Defendant, through his agent, threatened to have Mr. Hernandez Sanchez deported or arrested if he did not work or if he fled without repaying this debt. To ensure

1

that Mr. Hernandez Sanchez could not leave before paying this debt, Defendant, through his agent, confiscated Mr. Hernandez Sanchez's passport and visa documents.

6. Mr. Hernandez Sanchez seeks a declaration that his rights have been violated and an award of damages for Defendant's unlawful conduct, including violations of the federal Trafficking Victims Protection Act ("TVPA"), the Fair Labor Standards Act ("FLSA"), and his H-2A employment contract. He seeks this relief to make him whole for damages he has suffered and to ensure that he and other H-2A guestworkers will not be subjected by Defendant to such illegal conduct in the future.

## JURISDICTION

7. This Court has jurisdiction over Mr. Hernandez Sanchez's FLSA claims pursuant to 29 U.S.C. § 216(b) (authorizing FLSA lawsuits), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

8. This Court has jurisdiction over Mr. Hernandez Sanchez's TVPA claims pursuant to 18 U.S.C. § 1595(a) (authorizing TVPA lawsuits), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

9. The Court has supplemental jurisdiction over Mr. Hernandez Sanchez's causes of action based on state law pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case or controversy.

## VENUE

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

11. Antonio Hernandez Sanchez is a citizen of Mexico who was lawfully admitted to the United States on a temporary work visa pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a).

12. Defendant David Williams is a natural person residing in Richmond, Kentucky.

## FACTS

13. Defendant obtained an H-2A visa for the 2008-2009 season from the U.S. government for Mr. Hernandez Sanchez to work on his tobacco farm in Richmond, Kentucky.

14. Mr. Hernandez Sanchez is an indigent migrant worker from Veracruz, Mexico.

15. Mr. Hernandez Sanchez speaks and understands only Spanish.

16. In 2008, Defendant recruited and transported Mr. Hernandez Sanchez for work on his tobacco farm in Richmond, Kentucky. Defendant promised to provide Mr. Hernandez Sanchez with 40 hours of work per week and, as required by the federal H-2A visa program, agreed to pay a wage rate of $8.65 per hour for Mr. Hernandez Sanchez's labor.

17. In reliance on these promises, Mr. Hernandez Sanchez traveled from his home in Mexico to obtain employment with Defendant. Once Mr. Hernandez Sanchez arrived at the farm, however, Defendant refused to honor these obligations, providing Mr. Hernandez Sanchez with only sporadic work and paying him far less than $8.65 per hour and at times less than the federal minimum wage.

18. After Mr. Hernandez Sanchez arrived at Defendant's farm, Defendant insisted that Mr. Hernandez Sanchez owed him thousands of dollars and demanded immediate payments on this debt.

19. Mr. Hernandez Sanchez was not informed prior to arriving in the United States that he had incurred or would be required to pay this purported debt.

20. When Mr. Hernandez Sanchez tried to explain that he could not possibly afford such a sum given the paltry wages paid by Defendant, Defendant, through his agent, threatened to call law enforcement and immigration authorities and have Mr. Hernandez Sanchez deported or arrested if he did not continue working to pay the debt or if he attempted to flee.

21. On or around late April 2008, Defendant ordered Mr. Hernandez Sanchez to leave the farm housing, which Defendant was required to provide free of charge to Mr. Hernandez Sanchez pursuant to and during the term of his H-2A contract, and insisted that Mr. Hernandez Sanchez perform other work in Richmond in order to earn enough to continue servicing the unlawful debt he claimed Mr. Hernandez Sanchez owed him.

22. Even after forcing Mr. Hernandez Sanchez to leave the farm housing and insisting he find other work, Defendant required Mr. Hernandez Sanchez to return to the farm to work.

23. Defendant, through his agent, repeatedly demanded that Mr. Hernandez Sanchez make payments on the unlawful debt while Mr. Hernandez Sanchez remained in Kentucky.

24. Recognizing that these conditions might drive Mr. Hernandez Sanchez to flee, Defendant, through his agent, also confiscated Mr. Hernandez Sanchez's travel

documents, including his passport and visa, so that that Mr. Hernandez Sanchez could not leave.

25. Mr. Hernandez Sanchez felt as though he had no choice but to continue working to repay this onerous and unlawful debt, even though he wanted to escape.

26. Although the conditions of Mr. Hernandez Sanchez's employment with Defendant were intolerable and unlawful, Mr. Hernandez Sanchez feared leaving without his passport and visa.

27. Mr. Hernandez Sanchez reasonably feared that, without his passport and visa, he could be arrested and detained by immigration or other law enforcement authorities.

28. Mr. Hernandez Sanchez reasonably feared that, among other things, he would lose the opportunity to ever return to the United States again on a visa if he were arrested or deported, thus losing his entire livelihood.

29. Mr. Hernandez Sanchez requested that Defendant return his passport, but Defendant, through his agent, refused to return the document.

30. Without his identification and immigration documents, and fearing Defendant's threats of arrest or deportation, Mr. Hernandez Sanchez reasonably felt forced to continue working for Defendant and to make payments on the unlawful debt Defendant imposed on him.

31. Finally, in early July 2008, unable to pay off the oppressive debt and fearing retaliation from Defendant, Mr. Hernandez Sanchez summoned up the courage to flee Kentucky.

32. Defendant, through his agent, subsequently made phone calls to Mr. Hernandez Sanchez, demanding that he return and pay the debt, insisting that he was not allowed to leave due to his contractual obligations, and threatening to send federal authorities to arrest or deport Mr. Hernandez Sanchez.

33. Upon his return to Mexico, Mr. Hernandez Sanchez reported Defendant's unlawful activities to the Federal Bureau of Investigation.

34. The earnings of Mr. Hernandez Sanchez at times totaled less than the amount due under the applicable adverse effect wage rate, 20 C.F.R. § 655.102(b)(9).[1]

35. At times, the earnings of Mr. Hernandez Sanchez were less than the amount due under the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a). Thus, Defendant did not pay Mr. Hernandez Sanchez at least the minimum wage for each hour worked in each workweek during which he was employed.

36. Defendant failed to make and maintain pay records as required by 29 U.S.C. § 211(c) and 20 CFR 655.102 (b)(7).

37. During the course of Mr. Hernandez Sanchez's employment, Defendant failed to comply with material terms and conditions of employment offered to Mr. Hernandez Sanchez in the clearance order submitted to the U.S. Department of Labor.

38. The terms of work offered to Mr. Hernandez Sanchez included, *inter alia*, (a) the terms offered in the "clearance order" submitted by Defendant to the U.S. Department of Labor to obtain permission to import foreign workers; (b) the terms of work set forth in the federal regulations governing Mr. Hernandez Sanchez's visa, 20 C.F.R. § 655.102; and (c) the assurances set forth in 20 C.F.R. § 655.103.

---

[1] The citations to H-2A regulations in this Complaint refer to the H-2A regulations that were in effect in 2008, prior to the implementation of new H-2A regulations in early 2009.

39. Specifically, Mr. Hernandez Sanchez's work contracts offered, *inter alia*, the following terms:

    i. Wages equal to the higher of the minimum wage, the adverse effect wage rate, or the prevailing wage rate;

    ii. Reimbursement of the costs of transportation and subsistence from the point of recruitment to the place of work upon completion of 50% of the contract period;

    iii. Return transportation and subsistence from the place of work to the point of recruitment upon completion of the contract;

    iv. Work or wages for 3/4 of the period running from the first workday to the contract's end date;

    v. Adequate written pay statements on each payday;

    vi. Payment of all visa, transportation, and recruitment expenses as required by Mexican Federal Labor Law, Title II, Chapter I, Article 28;

    vii. Provision of a written work contract containing all provisions required by the H-2A program;

    viii. An assurance that Defendant would not intimidate, threaten, restrain, coerce, blacklist, discharge, and/or in any manner discriminate against any person who with just cause asserts rights or protections afforded under the H-2A program; and

    ix. An assurance that Defendant would comply with applicable federal, state, and local employment-related laws and regulations.

40. During the course of Mr. Hernandez Sanchez's employment, Defendant:

   i. Failed to pay wages equal to the higher of the minimum wage, the adverse effect wage rate, or the prevailing wage rate for each of the hours that Mr. Hernandez Sanchez worked;

   ii. Failed to reimburse all transportation and subsistence costs from the point of recruitment to the place of work upon completion of 50% of the contract period;

   iii. Failed to provide return transportation and subsistence from the place of work to the point of recruitment;

   iv. Failed to provide work or wages for 3/4 of the period running from the first workday to the contract's end date;

   v. Failed to provide adequate written pay statements on each payday;

   vi. Failed to pay all visa and transportation expenses;

   vii. Failed to provide an adequate copy of the work contract;

   viii. Intimidated, threatened, restrained, coerced, blacklisted, discharged, and/or discriminated against Mr. Hernandez Sanchez for asserting rights and protections afforded him under the H-2A program; and

   ix. Failed to comply with applicable federal, state, and local employment-related laws and regulations.

41. While working for Defendant in 2008, Mr. Hernandez Sanchez was engaged in the production of goods for commerce as that phrase is used in the FLSA.

42. At all times relevant to this action, Mr. Hernandez Sanchez was employed by Defendant within the meaning of 29 U.S.C. § 203(g).

43. At all times relevant to this action, Mr. Hernandez Sanchez was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e).

44. At all times relevant to this action, Defendant was the employer of Mr. Hernandez Sanchez within the meaning of 29 U.S.C. § 203(d).

45. To get to the farm in Kentucky where he worked for Defendant, Mr. Hernandez Sanchez was required to pay various fees and expenses, including transportation fees and daily subsistence costs from the place of recruitment to Monterrey, Mexico.

46. Defendant did not reimburse Mr. Hernandez Sanchez for the expenses described in paragraph 43 during the first workweek of 2008.

47. Defendant did not take the expenses set forth in paragraph 45 into account in determining whether Mr. Hernandez Sanchez earned at least the minimum wage or the adverse effect wage rate during the first workweek.

48. The expenses described in paragraph 45 were primarily for the benefit of Defendant.

49. The expenses set forth in paragraph 45 operated as de facto deductions from Mr. Hernandez Sanchez's wages, causing him to earn less than the minimum wage for each hour worked during his first workweek.

50. Mr. Hernandez Sanchez could not have obtained his job with Defendant without paying the expenses described in paragraph 45.

51. All conditions precedent to this action have been satisfied.

52. All actions and omissions alleged herein were undertaken by Defendant either directly and/or through his agents.

53. Defendant's failure to pay Mr. Hernandez Sanchez the minimum wage was willful.

## FIRST CAUSE OF ACTION
## TRAFFICKING VICTIMS PROTECTION ACT—FORCED LABOR

54. This count sets forth a claim for compensatory and punitive damages for Defendant's violations of the TVPA, 18 U.S.C. § 1589.

55. 18 U.S.C. § 1589(a) provides that it is unlawful to "knowingly provide[] or obtain[] the labor or services of a person by any one of, or by any combination of, the following means—(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint."

56. Defendant subjected Mr. Hernandez Sanchez to forced labor in violation of 18 U.S.C. § 1589(a).

57. Defendant knowingly threatened Mr. Hernandez Sanchez with serious harm in order to obtain the labor and services of Mr. Hernandez Sanchez in violation of 18 U.S.C. § 1589(a)(1).

58. Defendant knowingly obtained the labor and services of Mr. Hernandez Sanchez in violation of 18 U.S.C. § 1589(a)(4) using a scheme, plan, or pattern which, in the totality of the circumstances, was intended to coerce and did coerce Mr. Hernandez

Sanchez to believe that he would suffer serious harm if he were to leave the employ of Defendant.

59. Defendant threatened Mr. Hernandez Sanchez with deportation and arrest and deceived Mr. Hernandez Sanchez about the terms of his visa in a manner that constitutes an abuse of the legal process under 18 U.S.C. § 1589(a)(3).

60. Pursuant to 18 U.S.C. § 1595, Mr. Hernandez Sanchez is entitled to recover damages, reasonable attorney's fees, and costs for Defendant's wrongful conduct.

## SECOND CAUSE OF ACTION
## TRAFFICKING VICTIMS PROTECTION ACT— TRAFFICKING

61. This count sets forth a claim for compensatory and punitive damages for Defendant's violations of the TVPA, 18 U.S.C. § 1590.

62. 18 U.S.C. § 1590 provides that "[w]hoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter," including, but not limited to, the laws prohibiting forced labor, peonage, and unlawful conduct with respect to documents, has engaged in unlawful behavior under the TVPA.

63. Defendant violated 18 U.S.C. § 1590 by knowingly recruiting, harboring, transporting, providing and/or obtaining Mr. Hernandez Sanchez for labor or services in violation of the laws prohibiting forced labor, peonage, and unlawful conduct with respect to documents.

64. Defendant attempted to and did violate the TVPA prohibition against forced labor set forth in18 U.S.C. § 1589 as alleged in paragraphs 54-60,

65. Defendant attempted to and did violate 18 U.S.C. § 1592 by removing, confiscating, or possessing Mr. Hernandez Sanchez's passports and other immigration documents in the course of and with the intent to cause a violation of 18 U.S.C. § 1590.

66. Defendant attempted to and did violate 18 U.S.C. § 1581 by holding or returning Mr. Hernandez Sanchez to a condition of peonage, or arresting Mr. Hernandez Sanchez with the intent of placing him in or returning him to a condition of peonage.

67. Pursuant to 18 U.S.C. § 1595, Mr. Hernandez Sanchez is entitled to recover damages, reasonable attorney's fees, and costs for Defendant's violation of 18 U.S.C. § 1590.

### THIRD CAUSE OF ACTION:
### FLSA—MINIMUM WAGE

68. This count sets forth a claim for declaratory relief and damages for Defendant's violations of the minimum wage provisions of the FLSA.

69. Defendant violated Mr. Hernandez Sanchez's rights by failing to pay him the applicable minimum wage for every compensable hour of labor performed in a workweek, in violation of 29 U.S.C. § 206(a).

70. The violations of the FLSA resulted, in part, from Defendant's failure to reimburse Mr. Hernandez Sanchez for expenses he incurred prior to his first week of work which primarily benefited Defendant, as described herein. When these expenses were de facto deducted from Mr. Hernandez Sanchez's first week's pay, they brought his earnings below the applicable minimum wages for the first workweek.

71. Defendant's failure to pay Mr. Hernandez Sanchez his federally mandated minimum wages were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

72. As a result of Defendant's violations of the FLSA set forth in this count, Mr. Hernandez Sanchez is entitled to recover the amount of his unpaid minimum wages and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), plus Mr. Hernandez Sanchez's reasonable attorney's fees and costs.

### FOURTH CAUSE OF ACTION:
### CONTRACT

73. Defendant materially breached Mr. Hernandez Sanchez's work contract for which Mr. Hernandez Sanchez is entitled to relief under the law of the State of Kentucky.

74. Defendant entered into an employment contract with Mr. Hernandez Sanchez.

75. Mr. Hernandez Sanchez was at all times ready to comply with the terms of the contract and did in fact comply with the terms of the contract.

76. Defendant breached the contract of employment by failing to comply with the promised terms and conditions of employment.

77. As a direct consequence of the breach of the employment contract by Defendant, Mr. Hernandez Sanchez suffered substantial injury.

78. Defendant is therefore liable to Mr. Hernandez Sanchez for actual, incidental, and consequential damages.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Hernandez Sanchez requests that the Court grant him the following relief:

a. Enter a judgment in favor of Mr. Hernandez Sanchez on his FLSA claims as set forth in his Third Cause of Action;

b.     Award Mr. Hernandez Sanchez his unpaid wages, plus an equal amount as liquidated damages, for Defendant's violations of the FLSA;

c.     Declare that Defendant willfully violated the FLSA;

d.     Enter judgment in favor of Mr. Hernandez Sanchez on his TVPA claims as set forth in the First and Second Causes of Action;

e.     Award Mr. Hernandez Sanchez declaratory, compensatory, and punitive damages for Defendant's violations of the TVPA;

f.     Grant judgment in favor of Mr. Hernandez Sanchez on his breach of contract claim as set forth in the Fourth Cause of Action and award him his actual, incidental and consequential damages that resulted from Defendant's contractual breaches;

g.     Award Mr. Hernandez Sanchez prejudgment and post judgment interest as allowed by law;

h.     Award Mr. Hernandez Sanchez his reasonable expenses and costs of court and attorney's fees; and

i.     Award Mr. Hernandez Sanchez such other relief as this Court deems just and proper.

Respectfully submitted this 2nd day of April 2010.

_____
Stacie Jonas
Attorney for the Plaintiff
*Pro Hac Vice Motion Pending*
Tenn. Bar No. 027334
Southern Migrant Legal Services
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd.
Ste. 135
Nashville, TN 37217

Telephone: (615) 750-1200
sjonas@trla.org

*Douglas L. Stevick* (signature)

Douglas L. Stevick
Attorney for the Plaintiff
*Pro Hac Vice Motion Pending*
Member, Bar of District of Arkansas
Tennessee Bar No. 021711
Texas Bar No. 00797498
Southern Migrant Legal Services
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217
(615) 750-1200 (telephone)
(615) 366-3349 (fax)
dstevick@trla.org